## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**MARY BROWN AS ADMINISTRATRIX**
**OF THE ESTATE OF DARRELL TERRELL BROWN,**
**DECEASED, FOR AND BEHALF OF ALL HEIRS AT LAW**
**AND WRONGFUL DEATH BENEFICIARIES**
**OF DARRELL TERRELL BROWN, DECEASED**                    **PLAINTIFFS**

**VS.**                                    **CIVIL ACTION NO.:** 3:24-cv-663-CWR-ASH

**YAZOO COUNTY, MISSISSIPPI; SHERIFF JEREMY MCCOY, SR.,**
**INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; MISSISSIPPI**
**SHERRIFF'S DEPARTMENT; YAZOO COUNTY**
**REGIONAL CORRECTIONAL FACILITY; MISSISSIPPI**
**DEPARTMENT OF CORRECTIONS; GARY EDWARDS, WARDEN OF YAZOO**
**COUNTY REGIONAL CORRECTIONAL FACILITY;**
**BAPTIST HOSPITAL – YAZOO; PAFFORD EMS OF MS; OAK HAVEN**
**APARTMENTS; LEROY THOMPSON; AND JOHN**
**AND JANE DOES 1-10 INDIVIDUALLY AND IN THEIR**
**OFFICIAL CAPACITIES AS DEPUTY SHERIFFS AND JAILORS.**        **DEFENDANTS**

---

## COMPLAINT

---

### *Jury Trial Demanded*

**COMES NOW**, Plaintiff, Mary Brown, as Administratrix of the Estate of Darrell Terrell Brown, Deceased, and on behalf of all Heirs at Law and Wrongful Death Beneficiaries of Darrell Terrell Brown, deceased (hereinafter "Darrell T. Brown") and files this complaint for damages against Yazoo County, Mississippi; Sheriff Jeremy Mccoy, Sr., individually and in his official capacity; Yazoo County Sherriff's Department; Yazoo County Regional Correctional Facility; Mississippi Department Of Corrections; Gary Edwards, Warden of Yazoo County Regional Correctional Facility; Baptist Hospital of Yazoo, Mississippi; Pafford EMS of Mississippi; Oak Haven Apartments; Leroy Thompson; and John and Jane Does 1-10 individually and in their official capacities as Deputy Sheriffs, Jailors, Paramedics, and Medical Professionals.

## I.  PARTIES

1. Mary Brown is an adult resident citizen of Yazoo County, Mississippi who resides at 5585 Race Track Road Yazoo City, MS 39194.

2. The Defendant, Yazoo County, Mississippi, is a governmental entity of the State of Mississippi. The Defendant may be served with process through the Chancery Clerk of Yazoo County, Quint Carver, its registered agent for service of process at 211 East Broadway Street, Yazoo City, Mississippi 39194.

3. The Defendant, Sheriff Jeremy McCoy, Sr., is the duly elected Sheriff of Yazoo County and can be served with process at 211 East Broadway Street, Yazoo City, Mississippi 39194.

4. The Defendant, Yazoo County Regional Correctional Facility is a county/state facility monitored by Defendant, Mississippi Department of Corrections, both of whom can receive process by and through the Attorney General of the State of Mississippi.

5. The Defendant, Gary Edwards, upon information and belief, was at all relevant times the warden of the Yazoo County Regional Correctional Facility and may be served with process at 154 Roosevelt Hudson Drive, Yazoo City, Mississippi 39193, or wherever he may be found.

6. The Defendant, Baptist Medical Center - Yazoo, Inc. is a Mississippi corporation who may be served by their registered agent, C. T. Corporation System at 645 Lakeland East Drive Ste 101 Flowood, MS 39232.

7. The Defendant, Pafford EMS of Mississippi Inc., is a Mississippi corporation who may be served by their registered agent, Joe S. Deaton II at 229 Katherine Drive Flowood, MS 39232, or wherever he may be found.

8. The Defendant, Oak Haven Apartments is who may be served at their office located at 743 Shady Drive Yazoo City, MS 39194, or wherever an agent may be found.

2

9. The Defendant, Leroy Thompson, is an adult resident of Yazoo County, Mississippi who may be served at 743 Shady Drive Yazoo City, MS 39194, 725 Streamline Dr. APT C16 Yazoo City, MS 39194, or wherever he may be found.

10. The Defendants, John and Jane Does 1-10 are deputy sheriffs or jailors employed by the Yazoo County Sheriff's Department, Mississippi Department of Corrections, and/or the State of Mississippi and may be served with process at 211 East Broadway Street, Yazoo City, Mississippi 39194 or upon the Attorney General of the State of Mississippi.

## II.   JURISDICTION & VENUE

11. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the laws of the United States, specifically 42 U.S.C. § 1983 and the United States Constitution. Further, the Eighth Amendment of the United States Constitution protects prisoners from cruel and unusual punishment, which includes a right to adequate medical care.

12. Venue is proper in the Northern Division of the Southern District of Mississippi pursuant to 28 U.S.C. § 1391 as one or more defendants reside in Yazoo County and a substantial part of the events or omissions giving rise to the claim occurred in Yazoo County.

## III.   FACTS

13. On August 4th, Darrell T. Brown was charged with trespassing for residing in an apartment at Oak Haven Apartments, 743 Shady Drive Yazoo City, MS, where his name was not listed on the lease. Earlier that same day, Darrell T. Brown had been stabbed at the apartment complex by Leroy Thompson. Leroy Thompson was Mr. Brown's roommate, and they had been living at the same resident for over one (1) year. He sought medical attention at Baptist Hospital later that evening and was treated briefly before being released after just one hour. Despite his

discharge, Darrell T. Brown remained in severe pain and returned to the apartment, still suffering from the injuries sustained in the stabbing.

14. Upon experiencing persistent pain from the stab wound(s), Darrell T. Brown called for an ambulance. Paramedics arrived at the scene, and Darrell T. Brown pleaded for further medical assistance, indicating that his pain was worsening and that he urgently needed to return to the hospital. However, sheriff's officers from Yazoo County, who were also present at the scene, arrested Darrell T. Brown on charges of trespassing.

15. Despite his visible distress and repeated requests for medical attention, the officers refused to allow him to be transported back to the hospital. A Caucasian deputy informed Darrell T. Brown that "they had a place for him at the prison," dismissing his pleas for life-saving medical treatment.

16. Darrell T. Brown was booked into the Yazoo County Correctional Facility in the early hours of August 5th, 2024. Upon arrival, despite the clear evidence of stab wound(s) and his continued cries for help, he was denied any medical treatment. Jail officials and staff exhibited deliberate indifference to Darrell T. Brown's serious medical needs, refusing to address the severe injuries that were causing him extreme pain and distress. His worsening condition was ignored, and no action was taken to transport him to the hospital or provide emergency care.

17. As a direct result of the refusal to provide medical care, Darrell T. Brown succumbed to his injuries from the stabbing while in custody.

## IV.   CLAIMS

18. Paragraphs one (1) through seventeen (17) are incorporated herein by reference.

19. At the time of Darrell Terrell Brown's death, he was an inmate of Defendants' facility, and, as such, is entitled to constitutional guarantees afforded by the Eighth and Fourteenth Amendments of the United States Constitution.

20. Each Defendant was at all times acting under the color of state law and deprived Darrell Terrell Brown of a constitutional or statutory right which was clearly established prior to his death.

21. Defendants exhibited a deliberate indifference to the serious medical needs surrounding Darrell T. Brown's stab wound(s).

22. At all times relevant hereto, Defendants had actual knowledge of Darrell T. Brown's medical needs. Despite their knowledge of Darrell T. Brown's condition, Defendants failed to take steps to provide Darrell T. Brown the medical attention he needed.

23. Defendant, Leroy Brown, is the alleged victim of the trespassing charge Mr. Brown for which was arrested. Leroy Brown caused the injuries that ultimately led to Mr. Brown's death.

### 42 U.S.C. § 1983 – Eighth Amendment Violation

24. The Plaintiff asserts that the Defendants, while acting under the color of state law, violated the decedent's rights under the 8th Amendment of the U.S. Constitution by exhibiting deliberate indifference to his serious medical needs. After being stabbed, the decedent repeatedly requested medical care, both while at his apartment complex and later while in custody. The Defendants, including sheriff's deputies and correctional facility personnel, refused to provide him with necessary medical treatment, despite his evident and worsening condition. This failure

to provide adequate care while in custody amounted to cruel and unusual punishment, directly leading to the decedent's death.

### 42 U.S.C. § 1983 – Fourteenth Amendment

25. The Defendants' conduct also violated the decedent's rights under the Equal Protection Clause of the Fourteenth Amendment. The decedent, who was an African American male, was subjected to discriminatory treatment when a Caucasian deputy informed him that they "had a place for him at the prison," ignoring his pleas for medical care. The Defendants treated him differently from other individuals in similar circumstances, refusing him critical medical attention due to discriminatory animus, and this unequal treatment was a contributing factor to his death.

26. The Plaintiff further asserts that the decedent's arrest for trespassing was unlawful and without probable cause, violating his Fourteenth Amendment rights. The decedent was residing in an apartment with the consent of its occupants, and his arrest was unjustified. Despite the fact that he was in need of urgent medical attention, the Defendants arrested him on minor charges and transported him to jail, where he was denied necessary medical care, leading to his death. This false arrest and subsequent detention were unlawful under the 14th Amendment's Due Process Clause.

### County Liability

27. The Plaintiff brings a claim against Yazoo County, Mississippi, alleging that the county's failure to properly train, supervise, and discipline its officers and correctional staff directly contributed to the decedent's wrongful death. Despite previous incidents and complaints regarding similar conduct, the government entity did not take sufficient steps to address the lack of medical care for individuals in custody, demonstrating a pattern of deliberate indifference to

the constitutional rights of detainees. This failure was a proximate cause of the decedent's death, making the county liable under *Monell v. Department of Social Services. Monell.*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

## Negligence of Baptist Hospital

28. Baptist Hospital, where Darrell T. Brown sought treatment on the evening of August 4th, 2024, breached its duty of care by prematurely discharging him without adequately addressing his serious stab wound(s). Despite the severity of his injuries, the hospital staff failed to conduct a thorough evaluation or provide the necessary treatment to stabilize his condition. The hospital's negligent actions in releasing Darrell T. Brown only one hour after his arrival, without ensuring that his medical needs were met, directly contributed to the deterioration of his health and ultimately to his death.

## Negligence of Paramedics

29. The paramedics who responded to Darrell T. Brown's emergency call after he returned to the apartment also exhibited negligence in their failure to advocate for his medical needs. Despite Darrell T. Brown being in severe pain and pleading for transport to the hospital, the paramedics deferred to the sheriff's officers on the scene and did not insist on providing the emergency care Darrell T. Brown clearly required. Their failure to act, in violation of their duty to prioritize patient care, was a contributing factor to Darrell T. Brown's worsening condition and subsequent death.

## State Law Claims – Negligence and Wrongful Death

30. In addition to federal claims, the Plaintiff asserts state law claims for negligence and wrongful death against the Defendants. The Defendants had a duty to provide the decedent with reasonable care while he was in their custody, especially given his visible injuries and repeated

pleas for help. The Defendants breached this duty by failing to provide medical treatment for his stab wound(s) and ignoring his cries for assistance, which directly led to his death. This breach of duty entitles the Plaintiff to damages under state wrongful death statutes.

31. Further, Defendant, Leroy Thompson, battered and assaulted Mr. Brown by stabbing him and causing serious bodily injury which eventually led his death. Leroy Thompson is the alleged victim of the trespassing charge. However, Leroy Thompson had consented to Mr. Brown residing in the apartment and they had been living in the same apartment for more than one (1) year.

## Summary of Causes of Action

32. The failure of the officers and jail personnel to offer necessary and timely medical intervention constitutes cruel and unusual punishment, in violation of his constitutional rights, which prohibits the deliberate indifference to the serious medical needs of individuals in state custody. Darrell T. Brown's death was preventable, and the defendants' actions—or lack thereof—directly led to his wrongful death.

33. In addition to the denial of medical care, the conduct of the sheriff's officers suggests that Darrell T. Brown was subjected to discriminatory treatment, in violation of his Fourteenth Amendment rights. The deputy's statement that "they had a place for him at the prison" reflects a callous disregard for Darrell T. Brown's life, dismissing his need for urgent care.

34. Darrell T. Brown was treated differently than other individuals with similar medical needs, in part because of his race. This unequal treatment deprived Darrell T. Brown of his right to equal protection under the law, further contributing to the tragic outcome of his death.

## V.   DAMAGES

35. As a result of the deliberate actions of Defendants, Darrell T. Brown suffered severe and excruciating pain that went untreated and, the lack of timely treatment, ultimately led to his death. Mr. Brown was denied lifesaving medical care after the police observed his condition, refused his cries to medical assistance, and imprisoned him. Mr. Brown died an agonizing death as a direct and proximate result of Defendants deliberate and willful indifference to his life and constitutional rights.

36. Plaintiffs are entitled to punitive damages as a direct result of the intentional, deliberate, and reckless treatment of Mr. Brown in violation of his constitutional rights.

37. Darrell T. Brown was only fifty-five years of age. Darrell T. Brown had graduated from Holmes Community College's welding program. Mr. Brown is survived by his mother and his four (4) children.

38. Plaintiffs are entitled to the following damages:
   a. Past, present and future emotional distress;
   b. Past, present and future loss of love, society and companionship for their father;
   c. Funeral expenses related to the death of Darrell T. Brown, and any and all expenses incurred by the family;
   d. Attorneys' fees, costs and expenses associated with this litigation;
   e. Pre- and post-judgment interest;
   f. Punitive damages; and
   g. Lost wages and earning capacity.

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs pray that this Court will enter a judgment against the Defendants, jointly and severally, in the amount of $5,000,000.00 and that this Court will award punitive damages against the Defendants along with all attorneys' fees and all other costs associated with this action. Plaintiffs pray for all other relief they may be entitled to under the law.

Respectfully submitted, this the 22nd day of October 2024.

**MARY BROWN, ADMINISTRATRIX OF THE ESTATE OF DARRELL T. BROWN, DECEASED**

BY: _____

Robert O. "Bob" Waller, Esq. (MSB #6912)
Ava Burton Waller, Esq. (MSB #106709)
WALLER & WALLER
220 South President Street (39201)
Post Office Box 4
Jackson, MS 39205-0004
601-354-5252 office ♦ 601-354-2681 fax
bobwaller@wallerandwaller.com
avawaller@wallerandwaller.com
*Attorneys for Plaintiffs*